**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
======================================================================

**In re Frostbite Mine**                                       **Docket No. 12-1-11 Vtec**
**(Appeal from Environmental Commission District Coordinator Jurisdictional Opinion)**

Title: Motion to Strike/Clarify SOQ (Filing No. 1)

Filed: March 8, 2011

Filed By: Appellee Vermont Natural Resource Board/Land Use Panel

Response in opposition filed on 4/15/11 by Appellant Windsor Minerals, Inc.

Reply to response in opposition filed on 4/28/11 by Appellee NRB and Interested Person ANR

Sur-Reply in opposition filed on 5/3/11 by Appellant Windsor Minerals, Inc.

___ Granted                  ___ Denied                     _X_ Other

## Background

Windsor Mills, Inc. ("Appellant") appeals a jurisdictional opinion issued by the District 2 Environmental Commission Coordinator ("the District Coordinator"), and has filed a Statement of Questions ("SOQ") outlining 31 questions for appeal. The District Coordinator concluded that, despite the closure of the Frostbite Mine in Ludlow, Vermont, Act 250 jurisdiction remains attached to the mine based on alleged permit violations and unpermitted material changes to the development prior to the mine closure. The Vermont Natural Resources Board Land Use Panel ("NRB") has now filed a motion to strike the "Historical and Current Background" and "Definitions" sections of the SOQ as well as 29 of the 31 questions.

## Historical Background and Definitions Sections

NRB moves to strike the historical background and definition sections of Appellant's SOQ, arguing that such sections are inappropriate at the pleading stage.

Any statement of questions filed with this Court operates much like a complaint in a civil proceeding. In re Waitsfield Pub. Water Sys., No. 33-2-10 Vtec, slip op. at 8 (Vt. Super. Ct. Envtl. Div. Nov. 2, 2010) (Durkin, J.); Reporter's Notes, V.R.E.C.P. 5(f) (stating that the statement of questions "functions like a pleading to limit the issues that are to be heard on the appeal"). That is, one of its purposes is to give notice of the issues that will be raised on appeal. See Prive v. Vt. Asbestos Grp., 2010 VT 2, ¶ 15, 187 Vt. 280 ("The key to whether a complaint is sufficient is notice . . . ."); see also V.R.C.P. Rule 8(a) (stating that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Reporter's Notes, V.R.C.P. Rule 8(a) ("[T]he rules do not require a specific and detailed statement of the facts . . . but simply a statement clear enough 'to give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests.'" (citing Conley v. Gibson, 355 U.S. 41, 47 (1957))). A

statement of questions also serves to set the parameters of the appeal. See <u>Appeal of Town of Fairfax</u>, No. 45-3-03 Vtec, slip op. at 4 (Vt. Envtl. Ct. June 13, 2005) (Wright, J.).

Here, although the Court finds the Historical Background and Definitions sections helpful, they are unnecessary to provide notice or define the scope of the appeal, as the questions themselves serve that function. As such, the Historical Background and Definitions sections are inappropriate additions to the SOQ. We therefore **GRANT** the NRB's motion to strike the Historical Background and Definitions sections and direct Appellant to file a revised SOQ omitting those sections.

## Proper Standard Under Act 250 Rule 34

NRB contends that Appellant erroneously discusses a "substantial and material change" standard in questions 2–4, 7, 9, 12–14, and 19, thus combining the standards from Act 250 Rule 34(A) (requiring a "material change" for "permitted" projects) and Rule 34(B) (requiring a "substantial change" for "pre-existing" projects). According to NRB, Act 250 Rule 34(A) controls, and therefore the proper standard for the Court to apply is whether there was a "material change" to the permitted development. In its response, Appellant contends that this case does not fit squarely within either Act 250 Rule 34(A) or Rule 34(B).

Absent a determination that an appellant's statement of questions raises issues beyond the scope of this Court's jurisdiction, we are unaware of the authority for this Court, or an appellee for that matter, to direct that appellants use specific verbiage in their questions. We do not regard NRB's motion as a challenge to this Court's jurisdiction to address legal issues raised under Act 250 Rule 34(B). However, so that we may properly analyze this issue, the Court directs Appellant to clarify its response to this aspect of NRB's motion. Specifically, Appellant should address whether the project predates the adoption of Act 250, and, to the extent it does not, how Act 250 Rule 34(B) is applicable to this appeal.

## Conversion to Motions for Summary Judgment

In the course of reviewing the parties' pleadings, the Court has determined that NRB's motion to strike is essentially a motion to dismiss. However, because we must consider matters outside the pleadings to resolve the issues presented, it is appropriate to convert NRB's motion to dismiss into a motion for summary judgment. See V.R.C.P. Rule 12(b)(6) (stating that the Court must treat a motion to dismiss as a motion for summary judgment under Rule 56 when "matters outside the pleading are presented to and not excluded by the court").

We note that the parties have already submitted substantial legal memoranda and factual representations. However, we wish to give the parties the opportunity to submit any additional supplemental legal memoranda or affidavits for the Court's consideration. See V.R.C.P. 12(b)(6) (directing that when a trial court converts a pending motion to one requesting summary judgment, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56").

Accordingly, NRB shall have until **Friday, November 25, 2011** to submit any additional material in support of its pending motion. Appellant and ANR shall have until **Friday, December 9, 2011** to submit additional responses to NRB's filings**.** If the parties do not wish to file supplemental material, they should promptly inform the Court so that the Court may proceed to make a final determination on the pending motion.

## Conclusion

Appellant is directed to submit a revised SOQ omitting the Historical Background and Definitions sections by **Monday, November 14, 2011**. NRB shall have until **Friday, November 25, 2011** to submit any additional material in support of its pending motion. Appellant and ANR shall have until **Friday, December 9, 2011** to submit additional responses to NRB's filings. If the parties do not wish to file supplemental material, they should promptly inform the Court so that the Court may proceed to make a final determination on the pending motion.


_____                    _____November 3, 2011_____

          Thomas S. Durkin, Judge                                              Date

=============================================================================

Date copies sent to: _____                              Clerk's Initials _____

Copies sent to:

   George McNaughton, Attorney for Appellant Windsor Minerals, Inc.

   John H. Hasen, Attorney for Appellee Natural Resources Board/Land Use Panel

   Jon Groveman, Attorney for Interested Person Agency of Natural Resources